ALLEGHENY IMPROVEMENT COMPANY v. WEIR.

Opinion delivered November 21, 1910.

1. EVIDENCE—SUFFICIENCY.—The jury may not disregard undisputed evidence in a case. (Page 504.)

2. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.—Where plaintiff and two fellow servants were engaged under directions of their foreman, in dipping gasoline from a pail and throwing it upon the walls of their caboose, and plaintiff was injured in an explosion which ensued, he cannot recover upon the ground that the method of handling the gasoline was negligent because, if it was, he was guilty of contributory negligence. (Page 504.)

3. SAME—PRESUMPTION OF NEGLIGENCE.—The fact that a servant was injured in a gasoline explosion raises no presumption that the master was guilty of negligence. (Page 504.)

4. APPEAL AND ERROR—TREATING COMPLAINT AS AMENDED.—The complaint will not be treated on appeal as amended to conform to the proof where the cause was not so treated by the trial court. (Page 504.)

5. NEGLIGENCE—USE OF GASOLINE.—It is not negligence per se to direct a servant to use gasoline, since it is harmless when used with care. (Page 505.)

6. MASTER AND SERVANT—FAILURE TO WARN.—A servant cannot complain that his master failed to warn him as to the danger of using gasoline if he was already possessed of that knowledge. (Page 505.)

Appeal from Carroll Circuit Court, Eastern District; *J. S. Maples,* Judge; reversed.

*W. B. Smith,* and *J. Merrick Moore,* for appellant.

1. Negligence is but an inference or conclusion drawn from facts alleged and proved, and a complaint should contain, not conclusions or inferences of law, but a statement, concise in form, from which they are drawn. 41 Mich. 435; 66 N. W. 842; 10 Minn. 151; 26 Pac. 560; 41 Atl. (N. J.) 710; 43

Atl. (R. I.) 536; 14 Enc. Pl. & Pr. 335; *Id.* 336. A motion to make more definite and certain would have been the proper method of reaching defects in the complaint in the case at bar. 40 Ark. 277; 53 Ark. 453; 66 Ark. 280; 70 Ark. 161; 73 Ark. 8; 77 Ark. 607; 75 Ark. 369.

2. The evidence does not sustain the verdict. 71 Ark. 518.

3. By his own evidence appellee shows that he was aware of the risks ordinarily incident to the use of gasoline as used at the time of the accident, and the burden of proof was upon him to show that the explosion was the result of some risk or danger which was not or should not have been known by him; otherwise he assumed the risk. 68 Ark. 316; 77 Ark. 367; 41 Ark. 382; 63 Ark. 181; 70 Ark. 143; 74 Ark. 22; 77 Ark. 22.

*Festus O. Butt,* for appellee.

1. If it be conceded that there was a defect in the complaint, that defect was cured by the verdict. 31 Cyc. 776 and cases cited; 109 Mo. 64, 18 S. W. 1149; 28 N. E. (Mass.) 352; 130 Mo. 657; 50 N. W. 989.

2. The evidence supports the verdict, if it supports a finding that the master furnished the servant with a dangerous appliance for his work, of the dangerous character of which in the manner used he was ignorant, and of which it failed to give him warning; and, such being the case, the risk was not assumed. 109 Mo. 64; 89 Ark. 424.

3. The doctrine *res ipsa loquitur* applies where the injury is of such nature that it could not well have happened without the master being negligent, or where it is caused by something connected with the equipment or operation of the road over which the company has entire control. 75 Ark. 479; 207 Mo. 480. Under such circumstances the burden is upon the defendant, such an accident and due care on the part of the plaintiff being shown, to explain the occurrence of the accident, and show affirmatively its freedom from fault. 168 Pa. 497; 184 Pa. 519; 80 Md. 146; 164 Mass. 42. The mere fact that the accident was unusual or that a similar one may never have occurred before does not repel the charge of negligence. 144 Mass. 404; 39 N. Y. 227; 95 N. Y. 562; 38 U. S. 181; 101 U. S. 453.

McCulloch, C. J.   In the year 1908 defendant, Allegheny Improvement Company, a foreign corporation, was doing construction work for the Missouri & North Arkansas Railroad Company in the northern part of this State, and the railroad company furnished to said defendant a train-crew of men to operate a steam ditcher in the prosecution of said construction work.   The men composing the train-crew became, according to the contract, servants of defendant during the progress of this work, and were under the orders of Mr. Nicholas, defendant's general foreman.   Plaintiff was a member of the crew, being a brakeman.

While they were at work at Arlberg, Ark., members of the train-crew slept in a caboose which, it appears, was infested with bedbugs.   Early on the morning of Sunday, November 8, the men wanted to clean the caboose and rid it of the vermin. They (plaintiff, another brakeman named Liming and the conductor, Mr. Queen) procured two pails of gasoline from a pump house nearby, and proceeded to use it in the caboose by throwing it with cups on the walls and bunks.   While doing this, an explosion occurred, and the plaintiff was severely burned, and sustained serious injuries.   They had used in this way one of the pails of gasoline and about one-third of the other pail when the explosion occurred.   The door and windows of the caboose were open at the time.   Plaintiff was standing in the door at the time, and his companions, Queen and Liming, were just outside, having become sick from the gas arising from the oil which they had all three been engaged in throwing about the car.   There was no fire in or about the car, and there is nothing in the testimony to account for the explosion.   No one else was near, and these men all testify that they were not smoking and did nothing to produce the explosion except to throw the gasoline about the car.

The testimony is conflicting as to the responsibilty for using gasoline.   Plaintiff stated that Nicholas, the foreman, instructed them to get some gasoline and use it, but did not tell them how to use it.   The other testified that when they were about to clean the caboose for their own convenience and comfort Nicholas merely suggested that it would be a good thing to use for the purpose of exterminating the bugs, and gave them permission to get some from the pump house.

Plaintiff instituted this action against defendant to recover compensation for his injuries, alleging in general terms that the explosion was caused by the negligence of his fellow-servants. The allegations of the complaint with respect to the alleged negligence are as follows: "That on the 8th day of November, 1908, this plaintiff at the said town of Arlberg was ordered by his superior employee in charge of the train aforesaid to clean out and drench the caboose aforesaid, and the bedding and appliances therein, with gasoline.   That said superior employee, in charge of said train, brought and furnished plaintiff with the gasoline aforesaid, at the caboose aforesaid, for the purpose aforesaid, and, upon such order being received, it was the duty of plaintiff to comply therewith, which plaintiff then and there proceeded to do; that while so engaged, and while in the exercise of all reasonable care and prudence upon his part, and without any fault on the part of the plaintiff, the gasoline became ignited and exploded, through the negligence of the fellow-employees of this plaintiff in the employ of the defendants.   That it was the duty of the defendants, in consideration of the services of plaintiff, to provide for him at all times a safe place and safe equipment to work, and that plaintiff believed, upon entering said employment, that such safe place and equipments would be provided, and believed, upon entering said employment, that it was safe for him to carry out the orders aforesaid in the use of said gasoline as aforesaid, and that plaintiff had no knowledge or notice that such use of gasoline was extra hazardous.   That there was no fire at, in or near said caboose at the time of the commencement of plaintiff's said labor and in said caboose aforesaid; that plaintiff neither made nor created any; and only the plaintiff and other employees of defendants were at the time present, and that said explosion could not have occurred from natural causes, nor otherwise than by negligence on the part of defendants' employees present aforesaid."

Defendant filed a motion to require plaintiff to make the complaint more specific by setting forth in what particular said fellow-employees were negligent, and by stating why the explosion could not have occurred from natural causes. The court overruled the motion, and defendant excepted, and then

filed its answer, denying the allegations of negligence. It also pleaded contributory negligence on the part of plaintiff and assumption of risk. Trial before a jury resulted in a verdict for plaintiff, and judgment for $1,000, and defendant appealed.

The first question to be disposed of on this appeal is whether there was evidence to sustain the contention that plaintiff's injury was caused by the negligence of his fellow-servants. If there was, the verdict is sustained, for under the act of 1907, the defendant is liable for such an injury if the plaintiff was himself in the exercise of due care for his own safety. We find no evidence at all in the record supporting the charge. As has already been shown in the statement of facts, all three of the persons present testified positively that there was no fire in the caboose at the time. No one was smoking, and none of them did anything to cause the gasoline or the gas arising therefrom to ignite. This is undisputed, and the jury had no right to disregard the undisputed testimony. All of the men were using the gasoline in precisely the same manner—dipping it from the pails with cups and throwing it over the walls of the car, the bunks, etc. So, if that constituted negligence, plaintiff was not in the exercise of due care, and cannot recover on account of his own contributory negligence. There is no presumption of negligence, but the burden was on the plaintiff to prove the acts of negligence on account of which he seeks to recover for his injuries. Negligence cannot be inferred merely from the happening of the injury. *Fordyce* v. *Key,* 74 Ark. 19; *St. Louis, I. M. & S. Ry. Co.* v. *Andrews,* 79 Ark. 437.

The mere fact that gasoline is an inflammable and explosive substance, and that plaintiff was injured by an explosion, does not afford ground for an inference that some person for whose acts defendant is responsible caused the explosion. Those things must be proved in order to justify a judgment for damages.

It is insisted, however, in support of the verdict, that the testimony warranted a finding of negligence on the part of defendant in directing the use of a dangerous substance like gasoline, and also in directing plaintiff and his fellow-servants to use the gasoline without warning him of the danger, and that, though these charges of negligence were not embraced in the

complaint, the pleadings should be considered as amended to conform to the proof. The case does not seem to have been submitted on either of those charges of negligence; therefore we cannot treat the pleadings as amended to conform thereto, nor can we treat that issue as settled by the verdict of the jury. But, even if we should so treat the issue, the verdict cannot be upheld on those charges. There is nothing to warrant a finding of negligence merely in using gasoline in the caboose. It is a commodity in common use for various purposes. It is a dangerous substance, but perfectly harmless when used with care. There being no fire in or about the caboose, it certainly did not constitute any negligence to direct three full grown men of ordinary intelligence to use it in exterminating bugs; and if there was any negligence in using the gasoline, under the circumstances of this case, it devolved on plaintiff to prove it. The matter cannot be left to mere conjecture, and form the basis of a verdict for damages.

Nor can plaintiff fare any better with the charge of negligence in failing to warn him of the dangers of using gasoline. He stated in his testimony that he knew gasoline as a highly inflammable explosive and dangerous substance. That being true, he needed no warning of danger, for the warning would have added nothing to the sum of his knowledge.

But, above all that, the weakness of plaintiff's case is that he fails to prove that it was dangerous to use gasoline in the particular manner in which it was used in this case, or that it constituted negligence to so use it. In this his whole case fails, and the verdict cannot be sustained.

For these reasons the judgment must be reversed, and the cause remanded for new trial, and it is so ordered.