WARREN & OUACHITA VALLEY RAILWAY COMPANY *v.* SOUTHERN LUMBER COMPANY.

Opinion delivered November 9, 1914.

1.  CARRIERS—SHIPMENT OF FREIGHT—DELIVERY—RIGHT OF CONSIGNOR TO SUE.—When goods are delivered to a carrier, unconditionally, for delivery to the consignee in accordance with directions of the latter, the delivery to the carrier constitutes a delivery to the purchaser, completing the sale of the goods to the consignee, and thereafter the consignor has no right of action against the carrier for loss of or damage to the goods.

2.  SALES—TITLE—DELIVERY TO CARRIER—PRESUMPTION.—Where goods are sold by the consignor to the consignee thereof the presumption is that delivery to the carrier, in accordance with the directions of the consignee, is intended to pass the title, but the contrary may be established by proof.

3.  CARRIERS—DAMAGE TO FREIGHT—REMEDY OF CONSIGNOR.—Where the vendor of goods parts with title to the same by shipment to the vendee, who is also consignee, and delivery to the carier, the only remedy had by the vendor is against the vendee to recover the price, and the vendee has a remedy against the carrier for any damage which accrued by reason of the failure to deliver.

Appeal from Bradley Circuit Court; *H. W. Wells,* Judge; reversed.

*Fred L. Purcell,* for appellant.

1.  Delivery to a common carrier, made pursuant to an order to ship, is delivery to the consignee. 105 Ark.

57; 91 Ark. 422; 90 Ark. 161; 78 Ark. 123. Appellant was not a proper party defendant.

2. The Pennsylvania Railroad Company tendered the car to the Pennsylvania & Reading Railroad Company for the consignee who wrongfully refused to accept it. There was a mere breach of contract and the owner could not refuse to accept the shipment and sue for a conversion. 90 Ark. 524-528; 4 Tex. Civ. App. 650; 6 Cyc. 449; 3 Hutchinson on Carriers (3 ed.), 1372; 6 Cyc. 525, note 53; 44 Ark. 439; 47 Am. Dec. 518.

*B. L. Herring,* for appellee.

1. Appellee moves to affirm because of insufficiency of appellant's abstract. This court will not explore the transcript for the discovery of errors where none are set out in the abstract and brief. 95 Ark. 123; 93 Ark. 85; 88 Ark. 449.

2. The evidence abstracted shows that appellee shipped a carload of lumber to the consignee on a through bill of lading over appellant's railroad to Pottsville, Pennsylvania, on the P. & R. railroad, at the station of the latter company in that city; that the car was diverted *en route,* and never reached its destination on that railroad as per bill of lading; that the lumber was never delivered to the consignee and was lost, to appellee's damage. This is sufficient to sustain the judgment of the lower court. 95 Ark. 123, 124.

McCulloch, C. J. The plaintiff, Southern Lumber Company, instituted this action against the Warren & Ouachita Valley Railway Company, as initial carrier of a carload of lumber consigned by the plaintiff to its vendee in Pottsville, Pennsylvania, to recover the value of said carload of lumber on account of the failure to deliver to the consignee. Plaintiff was engaged in manufacturing lumber at Warren, Arkansas, and accepted an order from William Buechley & Son, of Pottsville, Pa., for a carload of lumber. The purchaser gave directions for shipment by rail to Pottsville, specifying that it should be routed over the Pennsylvania & Reading Rail-

road Company as the delivering carrier, the lumber yard of the purchaser having physical connection with that railroad and switching charges could be saved by shipping over that road.

The plaintiff delivered the carload of lumber to the defendant, as the initial carrier, and carried out the directions of the purchaser with respect to the route of shipment. The consignment reached Pottsville over the line of the Pennsylvania Railroad Company instead of the Pennsylvania & Reading Railroad Company, and the former tendered delivery to the consignee on its tracks. The lumber had been reloaded along the route and the directions of the shipper were not observed with respect to the delivering carrier and the purchaser declined to accept the delivery when tendered. There is a controversy whether or not the delivering carrier offered to deliver free of switching charges, one of the purchasers testifying that no such tender was made, and that he refused to accept delivery because it was not made in accordance with the directions. It is undisputed, however, that plaintiff, as vendor and consignor, gave the proper shipping directions, and the mistake occurred somewhere *en route.* In other words, there is sufficient evidence to show that the mistake occurred in method of delivery by some of the carriers along the route, that there was no delivery or offer to deliver in accordance with the directions, and that the defendant, as the initial carrier, is liable for whatever damages resulted from the failure to deliver. The carload of lumber is, according to the evidence, still held in storage by the Pennsylvania Railroad Company. There was a trial of the case before the court, sitting as a jury, and judgment rendered in favor of the ' plaintiff, from which the defendant has prosecuted an appeal. The recovery was for the value of the carload of lumber.

(1) It is earnestly insisted by counsel for defendant that the plaintiff, as consignor, is not the owner of the goods and therefore has no right to sue. We are of the opinion that this contention is well founded, and that

the plaintiff has failed to establish its right to sue for the failure to deliver. It is undisputed that the sale of the carload of lumber by plaintiff to its customer in Pottsville was unconditional, and that it delivered the same to the carrier for shipment in accordance with the directions of the purchaser. The delivery to the carrier under those circumstances constituted a delivery to the purchaser and completed the sale, the title to the goods then being in the consignee. *Roberts Cotton Oil Co.* v. *Grady,* 105 Ark. 53. Any loss or damage thereafter sustained fell upon the purchaser as the owner of the goods, and he alone is entitled to sue.

We are aware of a serious conflict in the authorities on this point, many of them holding to the rule that the consignor, by reason of the fact that he is a party to the contract of shipment, has a right to sue whether he is the owner of the goods or not. The American cases which hold to that rule follow the opinion of Chief Justice Shaw in the case of *Blanchard* v. *Page,* 8 Gray 281, where that principle is announced. The courts in Wisconsin, Illinois, Missouri, Virginia, and Mississippi follow that rule; but the distinction is made that where the suit is not upon the contract, but in tort to recover the amount of damage, the true owner must sue, and that the consignor, as such, can not sue unless he is in fact the owner of the goods. We are unable to approve the reasoning of those cases, especially in view of the statutes of this State which declare that all actions must be maintained by the real party in interest. Kirbys Digest, § 5999. The theory of those cases, which hold to the rule that the consignor may sue, is also that if he is not the real owner the recovery is for the benefit of the real owner and the suit may for that reason be brought in his name. The difficulty with that theory is, however, that the consignee named in the bill of lading is also a party to the contract and is entitled to sue thereon, whether it be a suit on the contract or for the tort; and there is little, if any, reason for saying that the consignor should be allowed to sue for the benefit of another who is also a party to the contract.

We approve, entirely, the reasoning of the Supreme Court of Nebraska, in the case of *Union Pacific Ry. Co.* v. *Metcalf*, 50 Neb. 452, where it is said the true test is whether a suit by the consignor, who has parted with his title to the goods by the delivery to the carrier, would constitute a bar to an action by the consignee, who is the real owner. This subject is fully discussed by Mr. Hutchinson, and the authorities collated. 3 Hutchinson on Carriers (3 ed.), § 1304, *et seq.*

(2)    Moreover, we think that our own decisions lead to the conclusion that the true owner must sue, and that the consignor can not sue where he has parted with his title, though the question has not been expressly ruled on in a suit by the consignor against the carrier. In *Garner* v. *St. Louis, I. M. & S. Ry. Co.,* 79 Ark. 353, and also in the case of *Gibson* v. *Inman Packet Co.,* 111 Ark. 521, we held that the consignor could recover upon the proof that, notwithstanding the delivery to the carrier, an unconditional delivery to the consignee was not intended, and that the title remained in the consignor. In the case last cited, we said: "Defendant relies upon the principle announced by this court that 'the delivery of goods to a common carrier, when made in pursuance of an order to ship, is in effect a delivery to the consignee,' and that the consignor has no right of action for the loss of the goods or injury thereto. While that principle is well settled in this State and elsewhere, it is not one of unvarying application, for the rule had its origin in the theory that the parties, by such delivery, intended to pass title to the property, but where the contrary intention is shown, the rule does not apply." The presumption is that delivery to the carrier, in accordance with the directions of the consignee, is intended to pass the title, but the contrary may be established by proof, as held in the case just cited.

(3)    In *Roberts Cotton Oil Co.* v. *Grady, supra,* we laid down the same rule, and held that the consignor who has parted with the title could not sue for the conversion of the goods. That, however, was not a suit against the carrier, but against another to whom the goods had been

delivered by the carrier through mistake. That case, of course, falls within the distinction announced by some of the cases that where the action is for the tort, the suit must be by the true owner. We think, however, that the rule is the same whether the suit be upon the contract or for the tort, and that the action must be maintained by the true owner, unless it be a case of a contract made for the benefit of another, which is not so in an ordinary contract of affreightment from the vendor to the vendee. The rule, of course, would be otherwise where an agent shipped goods for his principal, as in *Cumbie* v. *St. Louis, I. M. & S. Ry. Co.*, 105 Ark. 406. There was no effort to prove, in this case, an intention not to pass the title by the delivery to the carrier, nor that the suit was in any sense for the benefit of the consignee as the real owner. The contract of sale being complete, the only remedy the vendor has is against his vendee to recover the price, and the latter has a remedy against the carrier for any damage which accrued by reason of the failure to deliver.

The evidence, therefore, does not support the judgment in this case, and a reversal must result. It is so ordered.