The judgment is therefore reversed, and the cause remanded with directions to reinstate the appeal.

Kɪʀʙʏ, J., dissents.

———

Yᴀᴢoo & Mɪssɪssɪᴘᴘɪ Vᴀʟʟᴇʏ Rᴀɪʟʀoᴀᴅ Co. *v.* Soʟoᴍoɴ.

Opinion delivered March 20, 1916.

1. Cᴀʀʀɪᴇʀs—ᴅᴇʟᴀʏ ɪɴ sʜɪᴘᴍᴇɴᴛ oꜰ ꜰʀᴇɪɢʜᴛ—ʀɪɢʜᴛ oꜰ ᴄoɴsɪɢɴoʀ ᴛo sᴜᴇ.—Where the consignee of a shipment of freight is given the right of inspection at the point of destination, the sale of the goods is not unconditional, and the consignor may sue the carrier for a delay in the shipment.

2. Aᴘᴘᴇᴀʟ ᴀɴᴅ ᴇʀʀoʀ—oʙᴊᴇᴄᴛɪoɴ ꜰɪʀsᴛ ᴍᴀᴅᴇ oɴ ᴀᴘᴘᴇᴀʟ.—An objection made for the first time on appeal will be unavailing.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Fink & Dinning,* for appellant.

1. Plaintiffs are not entitled to maintain this suit. The title was in the consignee. 115 Ark. 221. The case of *Gibson* v. *Inman Packet Co.,* 111 Ark. 521 does not apply in this case.

2. Plaintiffs show no title to the property before shipment.

*Andrews & Burke,* for appellees.

1. The undisputed evidence shows that the title remained in the plaintiffs until the seed were *delivered* in good condition. The case in 115 Ark. 221 does not apply to this case. The correct rule is laid down in 11 Ark. 521 and governs here. 56 N. J. Law. 617; 32 Md. 344.

2. The testimony does show that Solomon-Moore Land Co. sold and delivered the seed to the consignee. The question of the title to the seed before shipment was not raised below; it is too late to raise it here for the first time.

Wooᴅ, J. The Solomon-Moore Land Company on February 19, 1913, shipped from Helena, Arkansas, to Memphis, Tennessee, over the line of appellant, a car

load of cotton seed. The bill of lading showed that the car was consigned to the Chickasaw Oil Company. The appellees sued appellant alleging that the car was rendered worthless to appellees through the negligence of appellant in delaying the transportation. Appellees recovered judgment, and appellant concedes that the evidence was sufficient to sustain the judgment as to negligence on the part of the appellant, but insists that the judgment is erroneous for two reasons, viz:

1. Because the car was received by appellant f.o.b. Helena, Arkansas, consigned to Chickasaw Oil Mills, Memphis, Tenn., which appellant contends vested the title in the consignee. Appellant relies upon the case of *Warren & Ouachita Valley Ry. Co.* v. *Southern Lbr. Co.*, 115 Ark. 221, 170 S. W. 998, where the undisputed evidence showed that the sale was unconditional. We said: "The delivery to the carrier under those circumstances constituted a delivery to the purchaser and completed the sale, the title to the goods then being in the consignee." Again, "There was no effort to prove in this case an intention not to pass the title by the delivery to the carrier * * *. The contract of sale being complete, the only remedy the vendor has is against his vendee to recover the price, and the latter has a remedy against the carrier for any damage which accrued by reason of the failure to deliver." But in the case at bar there was testimony which at least would warrant a finding that the sale of the car of seed was upon condition that the vendee and consignee had the privilege to refuse the seed if they were not in good condition when they reached Memphis. If such were the fact, the sale was not unconditional and complete when the consignor delivered the goods to appellant for the consignee. The instant case is ruled by *Gibson* v. *Inman Packet Co.*, 111 Ark. 521, where we held that the consignor has a right of action against the carrier when it appears that it was not the intention of the parties to pass title to the property shipped by delivery to the carrier. Hence the court did not err in refusing appellant's prayer for instruction,

telling the jury that the appellees had shown no beneficial interest or ownership in the seed, and hence to find for appellant.

2.  Appellant next contends that appellees did not show title to the property before shipment. The appellant makes this objection here for the first time and therefore such objection can not avail. The cause without objection progressed through the lower court as if appellees were the owners of the car before same was offered for shipment, and that is the course it must take here. *Brown* v. *LeMay,* 101 Ark. 95; *St. L., Sw. Ry. Co.* v. *White Sewing Machine Co.,* 78 Ark. 1; *Shinn* v. *Plott,* 82 Ark. 260; *Cook* v. *Bagnell Timber Co.,* 78 Ark. 47; *Allegheny Imp. Co.* v. *Weir,* 96 Ark. 500. See also, *Western Union Tel. Co.* v. *Freeman,* 121 Ark. 124.

The judgment is correct. Affirmed.