## MAY v. DYER.

Opinion delivered March 25, 1893.

1. *Negotiable instrument—Transfer without indorsement.*
   By a transfer without indorsement, the holder of a negotiable note becomes liable, not as indorser, but as vendor merely.

2. *Fraudulent representation—Damages.*
   One who sells a negotiable note secured by mortgage without indorsing it is not liable for the whole amount thereof because of false representations by him as to the value of the security, but only for the difference between the value of the note as it actually was and the value it would have had if the representations had been true.

3. *Fraud—Silence.*
   A vendor of a note and a mortgage securing it is not guilty of fraud in not disclosing the existence of a prior mortgage on the property of which he had no knowledge or notice.

4. *Practice in the Supreme Court—Abstracts.*
   Instructions claimed to have been erroneous will not be considered where the parties do not set them out in their abstracts on appeal.

Appeal from Yell Circuit Court, Dardanelle District.

JEREMIAH G. WALLACE, Judge.

*W. D. Jacoway* for appellant.

1. In order to charge May as an assignor or indorser, demand, notice and protest should have been alleged and proved. 2 Dan. Neg. Inst. secs. 1319, 717, 719, 929, 1101, 1109 ; Story, Prom. Notes, secs. 198, 200, 211, 235, 322, 348, 366 ; 37 Ark. 276 ; 33 *id.* 33.

2. But May was not liable on the note ; he did not endorse it at all, but merely assigned his interest in the *mortgage title.* Jones, Mortg. secs. 787, 823, 824, 830, 831.

*H. S. Carter* and *Robert Toomer* for appellee.

1. May is shown to have waived formal notice of non-payment and protest —whether he did waive it or not

was for the jury.   13 Ark. 401 ; 15 *id.* 415 ; 27 *id.* 34 ; 33 *id.* 771 ; Story, Prom. Notes, sec. 364–8 ; 2 Gr. Ev. sec. 190.

2.   The evidence makes out a clear case of false representations and deceit.   38 Ark. 334 ; 44 *id.* 216 ; 30 *id.* 362 ; 47 *id.* 148 ; 12 S. E. Rep. 647.   Suppression of the truth is equivalent to a falsehood when the vendor is under obligations to speak.   35 Ark. 483 ; 17 Atl. Rep. p. 252 ; 35 N. Y. S. R. 529.

BATTLE, J.   The allegations of the complaint in this action are substantially as follows :   On the 2nd day of October, 1883, John T. Massey executed a promissory note to the defendant, William N. May, for $200 and ten per cent. per annum interest thereon from date until paid, and, to secure the payment thereof, a mortgage conveying to him a tract of land and two horses. On the 5th of November, 1883, May offered to sell the note and mortgage to the plaintiff, A. J. Dyer, and falsely and fraudulently represented to him that the tract of land embraced nearly all the improvements of Massey, and that 25 acres of it was in cultivation, and that the horses were valuable.   Relying on these representations and believing them to be true, plaintiff purchased from him the note and mortgage, and paid for the same $200 ; and the defendant transferred them to him. Massey is insolvent, and nothing can be collected on a judgment against him.   Two hundred and seventeen dollars and fifty cents still remain due and unpaid on the note.

Dyer sought to hold the defendant liable for the balance due on the note, (1) on the ground May was indorser, and (2) because the representations were false, and he was injured thereby.

The defendant denied endorsing the note, and making the representations and the sale, and also the insolvency of Massey.

May did not endorse the note. He transferred it and the mortgage by a writing on the mortgage in the words and figures following: "For value received I assign and transfer the within note and mortgage unto A. J. Dyer, as administrator of the estate of Robert Fulton, deceased, and authorize him to collect and receive the proceeds thereof the same as I could do. This November 5, 1883.　　　　　　　WILLIAM N. MAY."

<div style="float:right">1. Effect of transfer of note without endorsement.</div>

This evidence was insufficient to hold him liable. By delivering the note without writing his name on it, he incurred none of the liabilities for it which attach to an indorser. He did not do the act by which the law provides that if he did he shall be liable as an indorser. His failure to do so signified an intention not to assume the liability. He only became liable as a vendor of such paper. *Biscoe* v. *Sneed*, 11 Ark. 104; *Smith* v. *Corege*, 53 Ark. 295; *Challiss* v. *McCrum*, 22 Kas. 157; *French* v. *Turner*, 15 Ind. 59; Story on Promissory Notes, secs. 117, 118, 120; 2 Parsons on Bills and Notes (2d ed.), pp. 15, 37; Chitty on Bills, 246; 1 Daniel on Negotiable Instruments, secs. 689*a*, 729, 741.

As to the second cause of action, the evidence adduced at the trial tended to prove that the representations were made by May, and that they were false, and that Dyer relied upon them when he purchased the note and mortgage. But the extent of the injury suffered thereby, if any, was not shown. It was alleged by the plaintiff, and denied by the defendant, that Massey was insolvent, and that nothing could be collected on a judgment against him. The abstracts of both parties fail to show that any evidence was adduced to prove that this allegation was true. This failure necessarily affected the extent of plaintiff's right of recovery; for it is obvious the solvency or insolvency of Massey, as the truth was, affected the value of the note. If Massey was solvent, the value of the property mortgaged to secure it

<div style="float:right">2. Damages for fraudulent representation.</div>

may have not affected its value materially, and the false representations made by the defendant may have done no, or but little, injury. Yet the jury returned a verdict, and the court rendered a judgment, in favor of the plaintiff against the defendant for the whole amount of the balance due on the note, thereby assuming that the note had no value except that given to it by the mortgage. This was error. The difference between the value of the note as it actually was, and the value of it as it would have been had the representations been true, was the limit of recovery.

3. When silence no fraud.

One of the horses included in the mortgage in question was encumbered by a prior mortgage. May did not disclose this fact to Dyer before he sold to him the note and mortgage of Massey. Plaintiff insists that this omission made the sale fraudulent. It is true, the suppression of the truth as to property sold is equivalent to a falsehood when the vendor is under obligation to state facts before the sale. But silence can be no fraud when there is no obligation to speak, and there can be none when there is no knowledge or notice of the real state of things. Honesty and fair dealing impose no such duty under such circumstances. In such a case there is no suppression of the truth, and no fraud is committed by the failure to speak.

4. Practice under rule nine.

In this case the abstracts of counsel fail to show that May had knowledge of the existence of the prior mortgage at the time of the sale to plaintiff. It was executed by Massey, not by May. No state of facts is shown from which it may be presumed that the defendant knew of its existence at that time.

The parties to this action state that instructions were given by the court to the jury, but fail to set them forth in their abstracts. We have not searched the record to ascertain what they were, but have assumed that they were correct, and have only inquired whether the verdict

of the jury and the judgment of the court were sustained by the evidence as shown by the abstracts. Parties in this court should bear in mind that they are required to file "an abstract or abridgment of the transcripts" in their cases, "setting forth the material parts of the pleadings, proceedings, facts and documents upon which they rely, together with such other statements from the records as are necessary" to enable this court, without extrinsic aid, to fully understand all the questions presented to it for decision. Rule ix.

For the error indicated the judgment of the circuit court is reversed, and the cause is remanded for a new trial.