BRAY CLOTHING COMPANY *v.* McKINNEY.

Opinion delivered April 12, 1909.

1.  APPEAL AND ERROR—FAILURE TO SET OUT INSTRUCTIONS IN ABSTRACT—PRESUMPTION.—Where appellant fails to set out in his abstract instructions given by the trial court, it will be presumed that they were correct. (Page 163.)

2.  SALE OF CHATTELS—EFFECT OF DELIVERY OF FREIGHT TO CARRIER.—It is only where goods are delivered to a carrier pursuant to a contract authorizing shipment that a delivery to the carrier is held to be a delivery to the consignee, so as to cast upon the latter the liability for any loss occurring in transit. (Page 163.)

Appeal from Cleveland Circuit Court; *Henry W. Wells,* Judge; affirmed.

Appellant, *pro se.*

1. There is postitive testimony that the goods were delivered to the carrier directed to the appellee at Rison, Ark., and none to the contrary. Delivery to the carrier is delivery to the consignee. 53 Ark. 196.

2. The second instruction is erroneous in assuming that no invoices of the goods were sent, and because it is in conflict with the first instruction. 25 S. W. 505; 71 Ark. 38; 59 Ark. 98.

Appellee, *pro se.*

Since appellee did not order the goods, except the quantity for which he received invoice and for which he paid, delivery to the carrier did not make him liable, but the goods under such circumstances remained the property of the appellant until delivered to and accepted by appellee.

FRAUENTHAL, J. The plaintiff, the Bray Clothing Company, is a mercantile corporation located at Louisville, Ky.; and the defendant is a merchant doing business at Rison, Ark. The plaintiff instituted this suit against defendant by filing an account with a justice of the peace for a balance which it claimed that defendant owed it for goods sold and delivered to defendant. Upon the trial in the court of the justice of the peace, a judgment was rendered in favor of the defendant, from which the plaintiff appealed to the circuit court; and on the trial *de novo* in that court a verdict was returned in favor of the defendant.

The plaintiff contends that on December 2, 1905, the defendant made an order for certain goods through its traveling salesman; but under the testimony it does not appear that a written order was made for the goods, so that it was only a verbal order given to the salesman. The plaintiff claims that it shipped a part of the goods to defendant on January 29, 1906, and that it shipped the balance on May 3, following. The controversy is over the amount of the goods that were shipped on January 29, 1906. The evidence on the part of the plaintiff tended to prove that the plaintiff delivered to the common carrier at Louisville, Ky., a package of goods directed to the defendant at Rison,

Ark., and in the package were goods amounting to $97.50, but made out in two bills, one of $66.00 and one of $31.50; and that they were made out in two bills because there was a difference in the amount of the cash discount allowed on the goods of the two accounts or bills.

The evidence of the defendant tended to prove that the package arrived unbroken, and only contained goods amounting to $66. It is conceded that defendant has paid that amount, as well as the entire amount of the account for the shipment of May 3d. The defendant testified that the goods amounting to $66 and the goods covered by the shipment of May 3d were all the goods that he made the order for in December, and claimed that he did not make any order for the goods amounting to $31.50 and denied receiving same at any time.

Upon the trial of the case the court gave two instructions, but the appellant has failed to set them out in the abstract; and therefore the presumption is that these instructions were correct. *Carpenter* v. *Hammer,* 75 Ark. 348; *Koch* v. *Kimberling,* 55 Ark. 547; *May* v. *Dyer,* 57 Ark. 441; *Mine LaMotte L. & S. Co.* v. *Consolidated Anthracite Coal Co.,* 85 Ark. 123.

It is contended by the plaintiff that it delivered to the common carrier at Louisville, Ky., a package containing goods amounting to $97.50 and duly addressed to the defendant at Rison, Ark.; and when said package arrived at Rison, even if it actually only contained goods amounting to $66, still the defendant would be liable for $97.50. It bases its contention upon the abstract principle of law that a delivery to the common carrier of goods directed as above is a delivery to the consignee, and therefore, if any loss occurs in transit, it is the loss of the consignee. *State* v. *Carl,* 43 Ark. 359; *Burton* v. *Baird,* 44 Ark. 556; *Hope Lumber Co.* v. *Foster,* 53 Ark. 196. But this is not a correct presentation of the law as applied to the testimony of the defendant in this case. It is true that ordinarily the effect of any consignment is to vest the title in the consignee and to impose the risk on him. But this is only true when the goods are consigned in execution of a contract authorizing such shipment. Before a delivery to a carrier will constitute a delivery to the consignee so as to pass the title and make the consignee liable as for goods sold and delivered, the goods must correspond

with the order in quantity and quality, and in fact with all the terms of the contract. A seller cannot send more goods than were ordered, and in such event claim a completed sale when same are delivered to the common carrier duly directed to the consignee. It is true that, after the arrival of such goods and inspection by consignee, he may then accept them; but until then there would be no completed sale of the goods. 24 Am. & Eng. Enc. Law, p. 1062; Tiedeman on Sales, § 68; 2 Mechem on Sales, § 746.

In this case the defendant testified that all the goods which he ordered he received; that in the consignment of January 29th he received goods amounting to $66.00, and those goods, together with the goods received in May, are all the goods he ordered. Under that testimony, if plaintiff shipped any other goods in the package, the same were at the risk of the plaintiff. But the testimony of the defendant tended to prove further that the package arrived unbroken, and that it only contained goods amounting to $66.00, and did not contain the goods for which the plaintiff is now suing. He testified that the good were carefully checked out and placed in his store, and that the only account rendered at the time was for the goods amounting to $66.00, and that plaintiff never sent to him an account or statement for the goods amounting to $31.50 until the following September, and that it was not until then that his attention was called to such an alleged shipment. So that it became a controverted question of fact as to whether the goods now sued for were actually shipped in the package, or received by defendant; and also as to whether those goods were actually ordered by the defendant so as to place the loss upon him in event they were lost in transit. These questions, we presume, were submitted to the jury upon proper instructions. They returned a verdict in favor of defendant, and there is sufficient evidence to sustain that verdict.

The judgment is therefore affirmed.