ROBERTS COTTON OIL COMPANY *v.* GRADY.

Opinion delivered October 7, 1912.

1. APPEAL AND ERROR—BRINGING UP ALL THE EVIDENCE.—The requirement that a bill of exceptions contain all of the testimony in a case is sufficiently complied with if it appears inferentially that all of the evidence is brought up, as where the bill of exceptions shows that plaintiff called certain witnesses, whose testimony is set out, and rested, that defendant called a certain witness whose testimony is set out and rested, and that plaintiff recalled a certain witness and closed his testimony. (Page 56.)

2. CARRIER—LOSS OF GOODS—RIGHT OF ACTION.—The delivery of goods to a common carrier, when made in pursuance of an order to ship, is in effect a delivery to the consignee, and in such case the consignor has no title to or right of possession of the goods, and can not sue for their conversion. (Page 57.)

Appeal from Craighead Circuit Court, Jonesboro District; *W. J. Driver*, Judge; reversed.

STATEMENT BY THE COURT.

The plaintiff, Dr. N. H. Grady, brought this suit in the circuit court against the Roberts Cotton Oil Company, a corporation organized under the laws of the State or Arkansas. The complaint alleges:

1. That in the fall of 1910 the plaintiff sold and shipped to Robert B. Brown Oil Company of St. Louis, Missouri, twenty-five tons of cotton seed at the value of twenty-five dollars per ton. That the seed was shipped in car number 73,900; that the defendant took possession of said car of seed and converted it to its own use, to the plaintiff's damage in the sum of six hundred and twenty-five dollars.

2. That the defendant took possession of nineteen hundred pounds of cotton seed upon which the plaintiff had a mortgage, and converted same to its own use, to the plaintiff's damage in the sum of one hundred and three dollars and fifty-nine cents.

3. That in November, 1910, plaintiff delivered to defendant twenty-eight tons of cotton seed, worth twenty-four dollars per ton, upon which defendant paid two hundred and ninety-eight dollars and ten cents, leaving a balance due of three hundred and seventy-three dollars and ninety-nine cents.

The defendant answered and denied all of the material

allegations in the three paragraphs of plaintiff's complaint.

The testimony adduced at the trial, in so far as it is material to the issues raised by the appeal, is as follows:

The plaintiff, N. H. Grady, testified that he was in the general mercantile business at Monette, Arkansas. That in the fall of 1910 he had been shipping cotton seed to Osborn Bros. Grocery Company, of Jonesboro, Arkansas, but on account of some confusion in regard to the matter he decided to stop shipping to them. That in November, 1910, he sold some cottonseed to a Mr. Fields, as representative of the Robert B. Brown Oil Company of St. Louis, Missouri, at twenty-five dollars per ton. That, pursuant to the contract made with him, on the 21st day of November, 1910, he shipped a car of seed, numbered 73,900, from Monette, Arkansas, to the Brown Oil Company at St. Louis, Missouri. That a representative of the defendant company admitted to him that said car of seed had by mistake been taken charge of by the defendant at Jonesboro, Arkansas, and had been converted to its own use.

W. B. Chittenden, a witness for the plaintiff, testified: "I am now, and was in November, 1910, secretary of the Robert B. Brown Oil Company of St. Louis, Missouri. We hold bill of lading issued by the Jonesboro, Lake City & Eastern Railroad Company, dated November 21, 1910, for car of cotton seed E. R. R. No. 73,900, showing same was shipped to us on that date by N. H. Grady, Monette, Arkansas. Our company did not buy this car direct from Doctor Grady, but the car was bought from Doctor Grady by the Osborn Grocery Company, Jonesboro, Arkansas, and we paid their draft against same. We received advice from the Osborn Bros. Grocery Company, Jonesboro, Arkansas, that this car of seed, with two other cars they shipped to us, through error on the part of the Jonesboro, Lake City & Eastern Railroad Company, had been diverted to Roberts Cotton Oil Company, Jonesboro, Arkansas. The Roberts Cotton Oil Company admitted receiving and unloading this car of seed in their letter to us dated December 18, 1910. The Roberts Cotton Oil Company received and unloaded Erie car No. 73,900, together with two others shipped to us by the Osborn Bros. Grocery Company, and the Roberts Cotton Oil Company in turn shipped

to us three cars of seed to replace the three cars erroneously delivered to them. The three cars shipped by the Roberts Cotton Oil Company did not fully reimburse us for the three cars they unloaded, and there is a balance due us on account of this diversion of two hundred and seventy-seven dollars and ninety cents, for which amount we have made claim against the Jonesboro, Lake City & Eastern Railroad Company."

The plaintiff, being recalled, testified: "I did not authorize the Osborn Bros. Grocery Company or anybody else to draw draft on the Brown Oil Company for car 73,900, and did not know it had been done until Chittenden's deposition was taken. I know I had sold Osborn Brothers six cars of seed, and this seventh car (the car in question) was sold by me direct to the Robert B. Brown Oil Company."

J. W. Sikes, a witness for the defendant, testified: "I am manager of Roberts Cotton Oil Company at Jonesboro, and was manager through season of 1910-11. Through error of the railroad company, car 73,900 was delivered to Roberts Cotton Oil Company, and we unloaded it. They delivered three cars of seed to us erroneously (car 73,900 was one of them) and the railroad company took three cars of our seed and shipped them to Robert B. Brown Oil Company, replacing the seed it had delivered to us through error, and we made settlement with the railroad company for all the seed, accepting Nettleton weights as the proper basis for settlement; the railroad weights.

"Q. Then Roberts Cotton Oil Company have paid for this seed?

"A. Yes, sir."

During the trial the plaintiff abandoned any right of recovery on the third paragraph of the complaint.

The jury returned a verdict for the plaintiff for seven hundred and ninety-eight dollars and seventy-six cents on the first two paragraphs of the complaint.

The defendant has appealed.

*E. L. Westbrooke,* for appellant

1. Grady can not maintain this action. He had neither the title to nor the right of possession of the seed, and, under

the law, he must have both. 44 Ark. 108; 10 *Id.* 211; 8 *Id.* 204; 54 S. E. Rep. 751; 72 N. W. 1074; 28 A. &. E. Enc. Law, 657; 21 Enc. Pl. & Pr. 1037–8.

2. Delivery of goods to a carrier, when made in pursuance of an order to ship, is, in effect, a delivery to the consignee. 53 Ark. 196; 78 *Id.* 123. The court erred in its charge to the jury, therefore, and a new trial should be granted. Kirby's Dig., § 6215.

3. A bill of exceptions is sufficient if it appears, as here, inferentially that all the evidence is brought up. 92 Ark. 150; 49 *Id.* 364; 36 *Id.* 496; 35 *Id.* 450.

*Lamb & Caraway*, for appellee.

1. The bill of exceptions does not contain all the evidence. 75 Ark. 76; 81 *Id.* 327; 74 *Id.* 553; 142 S. W. 1151.

2. The evidence fully sustains appellee's right to recover. The evidence of shipment and that he had not been paid was positive. In the absence of anything in the record other than the mere fact of shipment by appellee to the Brown Company, showing the rights or liability of the consignor or consignee, either party may sue. 8 Gray 281; 112 Mass. 524; 27 Wis. 81; 13 Ill. App. 490; 80 Mo. 213; 85 Mo. 90; 22 S. E. 815.

HART, J., (after stating the facts). 1. It is insisted by counsel for plaintiff that the judgment should be affirmed because it is not expressly stated in the bill of exceptions that it contains all of the evidence introduced at the trial. The record shows that the plaintiff, to maintain the issues on his part, introduced certain named witnesses, whose testimony follows. It then recites that the plaintiff rested. The defendant called certain witnesses, whose testimony is set out. The defendant then rested. The record then recites that the plaintiff recalled a witness, and then closed its testimony. The record then shows that the plaintiff abandoned his claim for the car of seed sued for in the third paragraph of the complaint, and that all consideration thereof was by the court withdrawn from the jury. The record then shows the court proceeded to instruct the jury.

It will be noticed that, while it is not expressly stated in the bill of exceptions that it contains all of the evidence introduced at the trial, such fact is to be inferred from its general

tenor.   We have frequently held that the requirement that the bill of exceptions contain all of the testimony in a case is sufficiently complied with if it appears inferentially that all of the evidence is brought up.   *Walker* v. *Noll*, 92 Ark. 148; *Overman* v. *State*, 49 Ark. 364; *Leggett* v. *Grimmett*, 36 Ark. 496.

The cases cited by plaintiff on this question are not in point under the state of facts as disclosed by the record.   In each of the cases cited by him there was an affirmative showing that the bill of exceptions did not contain all of the evidence.

2.   It is contended by counsel for defendant that the court erred in refusing to give the following instructions, asked by it:

"The acceptance of a bill of lading from a common carrier by plaintiff for a car of seed shipped to Brown Oil Company at St. Louis constitutes a delivery to Brown Oil Company by the plaintiff; and, if the seed so billed and delivered was not by the carrier delivered, the plaintiff's cause of action is against the carrier and the Brown Oil Company, if he has not yet received compensation therefor from some other source."

We think he is correct in this contention.   The plaintiff's own evidence shows that he sold the car of seed in question to the Robert B. Brown Oil Company of St. Louis, Missouri, and shipped the same to it on November 21, 1910.   The secretary of the Brown Oil Company, a witness for the plaintiff, testified that his company held the bill of lading issued by the Jonesboro, Lake City & Eastern Railroad Company, dated November 21, 1910, for the car of seed in question.

It is a settled law in this State that the delivery of goods to a common carrier, when made in pursuance to an order to ship, is in effect a delivery to the consignee.   *Harper* v. *State*, 91 Ark. 422; *Bray Clothing Company* v. *McKinney*, 90 Ark. 161; *Gottlieb* v. *Rinaldo*, 78 Ark. 123, and cases cited.

Consequently, under the facts in this case as disclosed by the record, the plaintiff had neither the title nor the right to the possession of the car of seed in question, and had no right to maintain this action.

It is urged by counsel for plaintiff that the instruction was refused because Grady testified that under his contract with the Brown Oil Company the loading and consignment of the car to that company was not a delivery to it, and that

it did not become liable to him for anything until the car was received, inspected and unloaded at St. Louis.

In answer to this, we have not been able to find any testimony to that effect in the record.

The facts as disclosed by the record are substantially as we have stated them, that is to say, the record shows that the plaintiff sold the car of seed in question to the Brown Oil Company of St. Louis and consigned the same to it, taking a bill of lading therefor from the Jonesboro, Lake City & Eastern Railroad Company. Under this state of the record (and we can only review assignments of error upon the record as presented to us), the instruction under consideration should have been given; for, as we have already seen, according to the uniform current of decisions in this State, where goods are delivered to a common carrier pursuant to a contract authorizing shipment, a delivery to the carrier is held to be a delivery to the consignee, so as to cast upon the latter a liability for any loss resulting in transit. *Bray Clothing Company* v. *McKinney, supra*, and cases cited.

For the error in refusing to give instruction numbered 2 at the request of the defendant, the judgment will be reversed, and the cause remanded for a new trial.