## BURTON *v.* CREEL.

Opinion delivered February 21, 1916.

1. APPEAL AND ERROR—CIRCUIT JUDGE SITTING AS JURY—FINDING OF FACT.—The finding of fact made by a circuit judge sitting as a jury, will be upheld on appeal, if there is any substantial evidence to support it.

2. APPEAL AND ERROR—FINDING OF CIRCUIT JUDGE—SUMMONS—SIGNATURE OF JUSTICE.—The finding by a circuit judge on appeal, that a summons served upon appellant out of a justice court, was signed by the justice, will not be disturbed on appeal.

3. SERVICE OF SUMMONS—NECESSITY FOR JURISDICTION.—In an action at law the defendant must be brought within the power of the court by service of summons, either actual or constructive, or by some other process issued in the suit, or by the voluntary appearance of the defendant in person, or by his attorney, in order to give the court jurisdiction.

4. SERVICE OF SUMMONS—FAILURE OF CONSTABLE TO SIGN RETURN.—Where, in an action in justice court, service of summons was actually had upon the defendant in the manner prescribed by the statute, the fact that the constable did not sign his return, will not subject a judgment of the justice to quashal upon *certiorari.*

5. JUDGMENTS—JUSTICE OF PEACE—ENDORSEMENT ON SUMMONS—JURISDICTION.—The failure of a justice of the peace, to endorse on a

summons issued by him, the amount of plaintiff's demand, together with the cost, etc., as required by the statute, will not deprive the justice of jurisdiction, and a default judgment rendered thereafter, may not be successfully assailed collaterally or quashed upon *certiorari*.

Appeal from Miller Circuit Court; *George R. Haynie,* Judge; affirmed.

*J. M. Carter.*

1.    The judgment should be quashed for three reasons, viz:

(1)    The copy of the summons served on him by the constable was not signed by the justice of the peace who issued it.

(2)    The justice did not endorse thereon any of the requirements of § 4650 Kirby's Digest. 89 Ark. 164, 95 Ark. 71; 42 *Id.* 166; 71 *Id.* 322; Kirby's Digest, § 6381.

(3)    The constable, at the time of judgment by default, had not signed his name to the return showing service; (60 Ark. 185) this could not be amended by *nunc pro tunc* order. 92 Ark. 305; 42 Ark. Law Rep. 224; 5 Ark. 308. The judgment is void.

*Pratt P. Bacon* and *Webber & Webber,* for appellee.

1.    The evidence as to whether the justice of the peace signed the summons or not is not abstracted and not in the bill of exceptions, hence this court will not disturb the findings.

2.    A compliance with Kirby's Digest, § 4650 is not jurisdictional. 93 Ark. 502; 89 *Id.* 160. The latter case is not analogous.

3.    The constable's return was amended to speak the truth. *Actual* notice is all that is required; this was shown. 64 Ark. 499; 71 *Id.* 286; 59 583; 7 *Id.* 9; 17 A. & E. Enc. L. (2 ed.) § 1069.

HART, J. E. L. Creel sued J. W. Burton before a justice of the peace on a note and verified account for the sum of $125.98. A summons was duly issued and served by the constable. On the return day of the summons the defendant made default and judgment was

rendered against him in the amount sued for. An execution was issued, and levied by the constable, upon the personal property of the defendant. After the time for appeal from the judgment had expired, the defendant petitioned the circuit court to quash the judgment upon certiorari. In his petition he recited the facts before set forth and alleged that the judgment by default had been rendered against him without his knowledge and further alleged that he did not owe the plaintiff anything. He did not give any reason why he did not file an affidavit for appeal within the time allowed by the statute. His petition was dismissed by the circuit court and the case is here on appeal.

Counsel for appellant insists that the judgment of the justice of the peace should be quashed because the copy of the summons served on him by the constable was not signed by J. J. Towery, the justice of the peace who issued it, and before whom the suit was pending. The case was tried before the circuit court sitting as a jury and the court found from the evidence that said summons was signed by the justice of the peace.

(1-2) There was evidence tending to show that the justice of the peace's name was signed to the summons at the time a copy of it was delivered to the defendant by the constable. It is true there was evidence to the contrary, but it is well settled in this State that the finding of facts made by a circuit court sitting as a jury, will be upheld on appeal, if there is any substantial evidence to support it. Therefore, it must be taken as established, that the summons was signed by the justice of the peace who issued it.

(3) It is next contended by counsel for appellant that the judgment should be quashed because the constable had not signed his name to his return on the summons at the time the justice of the peace rendered judgment by default against the defendant. In the case of *Webster* v. *Daniel & Straus,* 47 Ark. 131, the court said: "There is a difference between a want of jurisdiction and a defect in obtaining jurisdiction.

"The defendant must be brought within the power of the court by service of summons, either actual or constructive, or of some other process issued in the suit, or by the voluntary appearance of the defendant in person or by his attorney, in order to give the court jurisdiction."

In that case the justice of the peace issued a warning order which supplied the place of a summons. It was published in the manner prescribed by the statute and this constituted a constructive notice to the defendant.

The court said: "The proof of publication filled the place of a return upon a summons. If the warning order was properly published the failure to make the proof of publication by the person and in the form prescribed by law, would be a mere irregularity, and would not defeat the jurisdiction of the justice, and could not be taken advantage of by a collateral proceeding, as shown by the authorities cited. The constructive notice, would, nevertheless have been given."

(4) In the case before us, service of summons was actually had upon the defendant in the manner prescribed by the statute. Therefore, under the authority just cited, the fact that the constable had not signed his return did not subject the judgment of the justice of the peace to quashal upon *certiorari*.

(5) Finally, it is insisted that the judgment should be quashed because the justice of the peace did not endorse on the summons the amount of the plaintiff's demand, together with the cost, etc., as required by section 4650 of Kirby's Digest. We have not set out the statute, but from a careful consideration of its terms we think it is evident that a compliance with it is not jurisdictional. The statute was passed for the purpose of regulating the payment of the claim sued for to the constable, and to protect the defendant in the payment thereof. The justice of the peace had jurisdiction of the cause of action and of the person of the defendant. Any irregular act on his part is no more than an erroneous exercise of jurisdic-

tion and does not make the judgment rendered liable to be successfully assailed collaterally or quashed upon *certiorari*. *Carolan* v. *Carolan*, 47 Ark. 511.

It follows that appellant's remedy to correct errors complained of was by appeal to the circuit court.

The judgment will be affirmed.