JAGGERS *v.* GRAHAM.

Opinion delivered January 8, 1917.

1. APPEAL AND ERROR—EXCLUDED TESTIMONY.—Objections to the exclusion of testimony must be brought into the record by way of bill of exceptions.

2. APPEAL AND ERROR—IMPROPER INSTRUCTIONS.—Instructions alleged to have been improperly given must be set out in the abstract.

3. REAL ESTATE BROKERS—COMMISSIONS.—Appellant, with the right to sell certain property belonging to appellee, interested one W. in the purchase. W. refused to purchase. Appellant did not have the exclusive right of sale; after two years W. purchased the property through the instrumentality of one M. *Held,* a finding by the jury that appellant was not the procuring cause of the sale, would be upheld on appeal.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; affirmed.

*Davies & Davies,* for appellant.

1. The verdict is contrary to the law and the evidence. Appellant was the procuring cause of the sale, and the evidence shows it.

2. The instructions to the jury are erroneous. As the instructions are not set out in the abstract nor passed on by the court, it is unnecessary and useless to cite the many authorities for appellant.

3. The court erred in the admission and rejection of evidence to the prejudice of appellant. Mrs. Jaggers

made the sale; did more than enough to entitle her to her commissions. 101 Ark. 376; 105 *Id.* 213; 87 *Id.* 321; 103 *Id.* 414; 37 *Id.* 593; 89 *Id.* 24; 97 *Id.* 438; 99 *Id.* 490; 96 *Id.* 379, and many others.

*A. J. Murphy,* for appellee.

1. Appellant's exceptions to the rulings of the court in admitting and excluding evidence can not be considered, as no specific reference was made to such exceptions in the motion for a new trial.

Appellant has failed to set out the instructions, and this court will presume that the jury were properly instructed. 116 Ark. 271.

2. However, the jury were properly instructed as to the law. 88 Ark. 373; 89 *Id.* 185; 102 *Id.* 200. A broker must show that his efforts were the efficient and proximate cause of the sale. 127 N. W. 277; 129 S. W. 419; 181 Fed. 909; 93 Am. Dec. 718; 44 L. R. A. 348, etc.; 100 N. W. 90; 36 N. E. 294; 62 N. Y. S. 1102.

3. The evidence shows an abandonment of endeavor by appellant and that a new agent intervened and was the procuring cause of the sale. 38 Am. St. 441; 88 N. W. 15; Ann. Cases, 1913 D., p. 824, and note and many others. See, also, 71 S. E. 745.

4. The verdict is sustained by the evidence.

HUMPHREYS, J. The appellant, Mrs. J. R. Jaggers, filed a suit in the Garland Court of Common Pleas for commissions on a sale of certain real estate in the city of Hot Springs, against the appellee, C. M. Graham. She alleged in her complaint that Graham had listed said real estate with her for sale and had agreed to pay her a commission of five per cent. in case she should make a sale of said real estate; and that in pursuance of the agreement she sold said real estate to Will Woodcock for the sum of $2,000, and prayed for a judgment against Graham for the sum of $100 and costs.

The appellee denied the material allegations of the complaint.

A writ of attachment was procured and levied on property belonging to appellee on the ground that

he was a non-resident of the State. Judgment was rendered against the appellee by default and the attachment was sustained and the property ordered sold to satisfy said judgment. An appeal was taken from said judgment to the circuit court, and there tried, which resulted in a verdict and judgment for appellee. Appellant filed her motion for a new trial, which was overruled; exceptions were saved and she was granted sixty days in which to file her bill of exceptions, which she did, and this cause is here on appeal.

Appellant, in her motion for a new trial, sought to set aside the verdict of the jury because the court "excluded certain evidence and admitted certain evidence upon the trial as shown by the stenographer's notes;" and now insists that the judgment should be reversed on this account.

(1) In the abstract and brief the particular evidence ruled out by the court is set out, but appellant failed to set it out in her motion for a new trial and thereby lost her right to insist upon it as reversible error. The reference in the motion for new trial to the evidence admitted and excluded is too general. She should have called the attention of the trial court to the specific evidence erroneously admitted or excluded. *West. Union Tel. Co.* v. *Duke*, 108 Ark. 8.

(2) The appellant insists that the judgment should be reversed because it was submitted to the jury on improper instructions. The instructions are not brought into the abstract and therefore the court must presume that the case went to the jury with proper instructions. *Bray Clothing Co.* v. *McKinney*, 90 Ark. 161, and cases cited on page 163 in support of this rule of practice.

(3) Appellant insists that the judgment should be reversed for the reason that the verdict was contrary to the evidence and not sustained by sufficient evidence. The rule on appeal is that the verdict of the jury must stand if supported by any legal evidence of a substantial nature. *Burton* v. *Creel*, 122 Ark. 349. We find ample evidence in the record of a legal, substantial

nature to support the verdict of the jury. The controlling issue in the case was whether or not appellant was the procuring cause of the sale. The sale was not consummated until nearly two years after the first negotiations in which the appellant participated. She failed to consummate the sale herself at that time, and the appellee at her suggestion called on the purchaser and failed to make the sale. This was in the spring of 1912. In December, 1913, the negotiations were resumed between that purchaser and the appellee through another party, and the sale was consummated without any active participation therein by appellant. Appellant did not have the exclusive sale of said real estate. The purchaser, Will Woodcock, testified that he made up his mind definitely after the first negotiations not to buy the property; but after his home property was destroyed by fire in September, 1913, he purchased the property from appellee through the instrumentality of C. E. Marsh. The purchaser, Will Woodcock, testified that the appellant said nothing more to him about the sale of the property after the first negotiations and had nothing to do whatever with the sale of the property at the time he purchased it from appellee. C. E. Marsh testified to the same effect. There was sharp conflict in the evidence as to whether appellant was the procuring cause of the sale. Much of the evidence introduced by the appellee to support his contention that appellant was not the procuring cause of the sale, was of a legal, substantial nature.

No error appearing in the record of which this court can take cognizance, the judgment is in all things affirmed.