THE GEORGIA MARBLE FINISHING WORKS *v.* MINOR.

Opinion delivered March 19, 1917.

1. SALES—DELIVERY—TITLE.—A delivery, either actual or constructive, is essential to the consummation of a sale of chattels, and title does not pass until there has been such a delivery.

2. SALES—DELIVERY TO CARRIER—TITLE.—A delivery of goods to a common carrier, in pursuance of the directions of the purchaser, constitutes a delivery to the purchaser, and consummates the sale; but delivery depending largely upon the intention of the parties, it may be shown that consummation of the sale by delivery was not intended.

3. SALES—SHIPMENT ON OPEN BILL OF LADING—PROOF OF INTENTION.—Although goods were consigned to plaintiff on an open bill of lading, it was competent for the shipper to prove that there was no intention to deliver, and proof that the bill of lading was held by the shipper is admissible to show absence of intention to deliver.

4. SALES—SHIPMENT ON OPEN BILL OF LADING—INTENTION TO DELIVER.—Where goods were shipped to the consignee on an open bill of lading, which was retained through the error of the consignor's shipping clerk, under the evidence, *held,* the consignor intended a delivery to the consignee.

5. SALES—STOPPAGE BY SHIPPER—DAMAGES.—A. shipped goods to B. but stopped same in transit, because it believed B. to be insolvent; it appearing that B. was not insolvent B. could recover from A. the amount he was required to pay for storage of the goods due to A.'s act, but under the facts was not entitled to other damages.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; modified and affirmed.

*Hinton & Rogers,* for appellant.

1.   Plaintiff never had an action of replevin against defendant, and if he did he failed to prove special ownership as alleged. There was a failure of proof. (1) Wrong action. (2) Appellee failed to prove special ownership as alleged.  35 Cyc. 333; 50 Ark. 20; 79 *Id.* 353; Burdick on Sales, § 403; 66 Ark. 135; 34 Cyc. 1396-7; Tiffany on Sales, 354; 21 Mo. App. 150; 63 Fed. 62; 36 Cyc. 523; 18

Tex. App. 434; 5 Cyc. 171; Cobbey on Replevin, § 101; 13 Enc. of Ev. 650; 50 Ind. 339; 21 Ark. 298.   Title must be shown—either general or special ownership must be proven.  4 Ark. 94; 67 *Id*. 135; 87 *Id*. 641; 34 Cyc. 1388.

2.   The sale was incomplete for want of delivery. The right of *stoppage in transitu,* where the consignee is insolvent, is unquestioned.   35 Cyc. 495; 16 Md. 122; 7 Am. Dec. 284.   Insolvency was proved.   80 Ark. 388; 180 S. W. 512, etc.

3.   The court erred in its instructions as to the measure of damages.   Wells on Replevin, § 573; 20 Col. 57; 53 N. Y. 211; 15 Ill. 490; 52 Mich. 633; 48 *Id*. 428; 34 Ark. 184; 36 *Id*. 260; 59 L. R. A. 542, etc

4.   The burden of proof was on the plaintiff.   Shinn on Replevin, § 447; 90 Mass. 83; 167 Mass. 581; 29 Ark. 270; 74 *Id*. 557; 87 *Id*. 641.

5.   In conclusion, if appellee had an action it was for breach of contract; the appellee's proof did not follow his pleadings; insolvency was shown and the measure of damages was improperly submitted to the jury.   The burden was unmistakably on the appellee.

*John W. Wade,* for appellee.

1.   The property was delivered to appellee.   Delivery to the carrier was delivery to the consignee.   53 Ark. 196; 111 *Id*. 521; 56 N. J. L. 617; 86 N. W. 454; 100 U. S. 124; 21 Ill. 530; 34 U. S. App. 638; 73 Fed. 624; 35 Ark. 304; 102 *Id*. 344; 102 *Id*. 531.

2.   Appellee was correctly found solvent.   The railroad can deliver to consignee with sight draft attached. 64 Ark. 169; 79 *Id*. 456.   The established facts do not constitute *stoppage in transitu.*   5 Den. (N. Y.) 629; 8 Atl. 470.

3.   The court gave the correct measure of damages. Kirby's Dig., § 6868; Cobby on Replevin, p. 451; 51 S. E. 1044; 131 N. W. 449; 93 Ark. 342; 80 *Id*. 388.

McCULLOCH, C. J.   This is an action to recover possession of a lot of finished marble which had been shipped

by railroad from Canton, Georgia, to Little Rock, Arkansas, consigned by defendant, the Georgia Marble Finishing Works, to plaintiff, W. W. Minor. On the trial of the case below there was a verdict in plaintiff's favor for the recovery of the property sued for and damages in the sum of $50, judgment was rendered therefor and defendant has appealed.

The plaintiff was engaged in Little Rock in the business of preparing and selling monuments and tombstones. He purchased the material from concerns engaged in the business of quarrying and finishing marble and he put the inscriptions on the stones after receiving them at his marble yard in Little Rock. He purchased material from the defendant, which is a corporation engaged in that line of business in Canton, Georgia. His first transaction with the defendant in the way of purchases were under agreement to pay the price on delivery of the marble by the carrier, but later he made arrangements for a line of credit and the material was to be shipped to him by direct consignment on open bill of lading. A line of credit to extend to the sum of $200 was arranged for, and he ordered a bill of marble which amounted to a little more than that sum, and defendant consigned it to him in three shipments, only a few days apart. The shipments were consigned to plaintiff on open bill of lading, and according to the undisputed evidence it was the intention of managers of defendant's business to have the bills of lading made direct to the plaintiff, but failed to so instruct the shipping clerk, and the latter attached a draft to the bills of lading and forwarded the same to a bank in Little Rock in accordance with the custom in former transactions with plaintiff. Plaintiff took up one of the bills of lading and paid the draft attached thereto and received the material and used it, but refused to pay the drafts attached to the other two bills of lading, for which the invoices aggregated $188. Correspondence took place between the parties immediately, and the plaintiff reminded the defendant of the agreement to give a line of credit, and there-

upon the manager of defendant's business replied that the mistake would be corrected if he would have the bank return the bills of lading. Before the bills of lading could be returned defendant received unfavorable information concerning the financial condition of the plaintiff and then refused to surrender the bills of lading or allow the material to be delivered to plaintiff without payment of the price. This action was then instituted against the railroad company and defendant, the Georgia Marble Finishing Works, but after the latter had appeared in the case and filed an answer the case was dismissed as to the railroad company and the action proceeded to judgment between the two parties to the original contract of sale.

(1) It is first contended on the part of defendant that according to the undisputed evidence the judgment is erroneous for the reason that there was no delivery of the property, that the sale was, therefore, incomplete, and that the remedy of the plaintiff, if any, was an action for breach of the original contract of sale. This contention would be entirely sound if the record disclosed the consignment of marble to have been to the shipper's own order. In that case there would have been no delivery so as to consummate the sale, and, as contended, the remedy of the plaintiff would have been a suit to recover damages on account of a breach of the contract. A delivery, either actual or constructive, is essential to the consummation of a sale of chattels and the title does not pass until there has been such a delivery. *Hodges* v. *Nall,* 66 Ark. 135; *Deutsch* v. *Dunham,* 72 Ark. 141.

(2) The evidence adduced in the case as brought forward in the abstract is that the marble was shipped on open bills of lading and consigned to plaintiff, and that brings the case within the rule that a delivery of goods to a common carrier, in pursuance of the directions of the purchaser, constitutes a delivery to the purchaser, and consummates the sale. *Burton* v. *Baird,* 44 Ark. 556; *Hope Lumber Co.* v. *Foster,* 53 Ark. 196; *Gottlieb* v. *Rin-*

*aldo,* 78 Ark. 123; *Bray Clothing Co.* v. *McKinney,* 90 Ark. 161; *Roberts Cotton Oil Co.* v. *Grady,* 105 Ark. 53.

(3-4)   The question of delivery depends largely, however, upon the intention of the parties, and notwithstanding the delivery to the carrier, it may be shown by other proof that consummation of the sale by a delivery of the property was not in fact intended. *Gibson* v. *Inman Packet Co.,* 111 Ark. 521. In the present case, notwithstanding the fact that there was a consignment to plaintiff on an open bill of lading, it was competent for the shipper to prove that there was no intention to deliver and the fact that the bill of lading was not forwarded to plaintiff, but on the contrary was held in the control of the shipper, was admissible in evidence for the purpose of showing that there was no intention to deliver. The undisputed testimony is that the retention of the bill of lading by the shipper was entirely through the mistake of the shipping clerk and that there was in fact an intention to consummate the sale by delivery to the carrier. At least this state of facts was sufficient to warrant the inference of an intention to consummate the sale by delivery, and as the instructions of the court are not abstracted it is assumed that the question was properly submitted to the jury on correct instructions, and we must treat that issue as settled by the verdict of the jury.

(5)   It is also contended that under the evidence adduced in the case the defendant had the right to exercise its privilege, as the vendor, to stop the material while in transit and before final delivery by the carrier to the consignee; but that depended upon the fact of insolvency of the purchaser, and there is a conflict in the testimony which we must treat as settled in plaintiff's favor by the verdict of the jury. The evidence adduced by the defendant was sufficient to warrant the finding that plaintiff was insolvent and unworthy of the credit extended to him under the contract of sale, but that testimony conflicted with that adduced by the plaintiff which tended to show that he was perfectly solvent at the time. We are of the opin-

ion, however, that the court erred in its instructions on the measure of damages, and also that the verdict was not supported by the evidence. The court told the jury in the instructions that the measure of damages was "the value of the time lost and the amount of storage he (plaintiff) was compelled to pay by reason of said stoppage." Plaintiff paid out the sum of $7.20 for storage charges and he is entitled to recover that amount by way of damages, but the evidence is not sufficient to warrant an assessment of damages in any further amount.

Plaintiff was in the monument business and there was delay of a few weeks in the delivery of this material, and in the meantime there was correspondence between the parties concerning the delivery. As soon as the defendant refused outright to make the delivery without payment of the draft this suit was instituted. Plaintiff testified that he had about $800 worth of material and equipment in his shop, and it does not appear that his business was shut down on account of the failure to receive the bill of material. If there had resulted any loss on sales, the profit of which plaintiff would have been deprived, that would have been an element of damages, but the evidence does not show that there was any injury of that kind. Plaintiff could not sit down and wait for delivery of the material and charge up his lost time against the defendant, for as soon as it refused to deliver the material he ought to have instituted his action for the recovery of possession of the property, or ordered it elsewhere. The judgment will, therefore, be modified so as to reduce the amount of recovery of damages down to the sum of $7.20.