John Meeter & Sons *v.* Paragould Wholesale Grocer Company.

Opinion delivered April 2, 1923.

1. SALES—REQUISITES TO PASS TITLE.—Delivery and acceptance, either actual or constructive, is essential to the passing of the title under a contract of sale.

2. SALES—DELIVERY TO CARRIER.—While a delivery to a carrier pursuant to instructions or agreement constitutes a delivery to the consignee and is sufficient to pass the title under a contract for the sale of chattels, a consignment by a seller to his own order does not of itself pass title unless there is an agreement that the title shall pass upon such shipment.

3. SALES—DIRECTION OF VERDICT.—Where a seller shipped onion sets to a purchaser consigned to shipper's order, and the purchaser rejected them as spoiled and unfit, in the absence of any testimony that title was to pass before the actual delivery, the fact that the shipment was to seller's order was conclusive that the title did not pass, and the court properly directed a verdict for defendant when the seller elected to go to trial upon his right to recover as for a completed sale.

Appeal from Greene Circuit Court; *W. W. Bandy,* Judge; affirmed.

*Fuhr & Futrell,* for appellant.

The sale was complete when the onion sets were loaded on cars at Lansing, "Terms, net cash f. o. b. Lansing, Ill. The seller shall not be held liable for damage to sets in transit." Evidence shows appellant performed its part of the contract, and was not able to find a market for the sets after appellee refused to accept them. The court overlooked the provisions of the

contract and treated the bill of lading to shipper's order as conclusive of the question of delivery. 137 Ark. 397, holding title to shipment passed at point of shipment, controlling here. 111 Ark. 521; 56 N. J. Law 617; 32 Md. 344; 138 Ark. 350. Other cases: 68 Ark. 310; 81 Ark. 389; 90 Ark. 131; 106 Ark. 482; 102 Ark. 344; 91 Ark. 240; 54 Ark. 305. The construction and effect of contract ruled by decision in 126 Ark. 19. Appellee's rights were not affected by the bill of lading, which neither accelerated nor delayed delivery. Shipping shipper's order was only a method of collection that did not affect rights of parties. Appellee relies on 101 S. W. 477 and 13 S. E. 13, but they do not sustain its contention. Authorities cited in Erwin case do not support contention. New York cases are not in point, and Mass. and U. S. cases support our contention, as does Benjamin on Sales, § 581. The bill of lading is only conclusive of the passing of the title, in the absence of anything in the contract contrary thereto, but not so when the contract fixes the time and place of delivery. It is not denied in the answer that the sets were in good condition when delivered f. o. b. at Lansing, as the contract provides. The proof also shows it, and that they were in good condition at Fort Worth, Texas, after four days stay at Paragould, where appellee refused to accept shipment. Appellant performed its contract, and is entitled to judgment.

*Block & Kirsch,* for appellee.

The onion sets were not shipped according to the contract made, but were consigned shipper's order, bill of lading with draft attached, and the sale was not completed upon delivery to the carrier. 241 S. W. 887; 111 Ark. 521; 128 Ark. 124; 101 S. W. (24) 447; 13 S. E. (Ga.) 513. The court was right in declining to submit the case to the jury on any other theory than that plaintiff's right to recover would depend on the condition of the sets at destination. The measure of damages could not have been greater than the difference be-

tween the contract price and the market price at the time of the breach of the contract, if there was a breach of it. 89 American Decisions 713. Appellant refusing to permit the court to submit the case to the jury on this theory, the verdict was properly directed.

McCulloch, C. J. Appellant (a corporation) is engaged in the business, at or near Lansing, Illinois, of producing for sale and selling onion sets and other vegetable seeds, and it entered into a contract in writing with appellee, a dealer in merchandise at Paragould, Arkansas, for the sale of eight hundred bushels of onion sets of different varieties. The contract was signed by both parties, and specified the price, and also specified the terms of payment in the following language: "Net cash, f. o. b. Lansing, Illinois." The contract also stated the date when the shipment was to be made. There was no other reference in the contract to the mode of shipment.

Appellant loaded the onion sets in a car at Lansing, Illinois, and consigned the same under bill of lading to its own order, and attached the same to a draft on appellee for the price, and forwarded the draft to a bank at Paragould for collection.

Appellee's agent was permitted to inspect the onion sets in the car when the same reached Paragould, and rejected them on the ground that they were wet, spoiled, and unfit for planting.

Mr. Meeter, one of the officers of appellant corporation, came to Paragould upon receipt of notice from appellee of rejection of the shipment, and a controversy arose between the parties as to whether or not the seed were in good condition. Appellee refused to recede from its position rejecting the seed, whereupon appellant reshipped the seed to another place in an effort to find a market.

This is a suit instituted against appellee to recover the price, alleging that the seeds were sold and delivered under written contract. The case was tried before a

jury, and each party introduced testimony concerning the condition of the seed at the time the car arrived at Paragould.

It is undisputed that appellee refused to accept the seed on the ground that they were unfit for use. The testimony adduced by appellee tended to show that the seed were spoiled and unfit for planting, whilst the testimony adduced by appellant tended to establish the fact that the seed were in good condition when they arrived at Paragould, and were even in good condition on arrival at Fort Worth, Texas.

After the testimony had been adduced on both sides, the court announced to counsel for appellant that the case could be submitted to the jury on the issue as to whether or not there had been a breach of the contract by refusal to accept the shipment of onion sets at Paragould, and upon the theory that, if appellee had broken the contract, appellant would be entitled to recover damages, but that the court would not submit the case upon the theory that there had been a completed sale so as to entitle appellant to recover the purchase price. "Whereupon (the record recites) counsel for appellant refused to permit the court to submit the case to the jury upon the theory that the cause of action, if any existed, was a breach of the contract, and the court, after being notified of this fact by counsel for plaintiff, directed a verdict for the defendant." In other words, the court took the view that, according to the undisputed testimony in the case, there was no testimony of a consummated sale, and that the case would not be submitted to the jury on that theory, but that the case could go to the jury on the issue as to a breach of the contract and the right to recover damages for such breach. Appellant elected to stand upon its right to go to the jury on the issue of a consummated sale.

We are of the opinion that the court was correct in the view expressed concerning the state of the testimony with respect to a consummated sale. The shipment was

made by appellant to its own order, and there was never any acceptance of the shipment, either by actual delivery of the seed or by acceptance of the bill of lading. The rule of law is elemental that delivery and acceptance, either actual or constructive, is essential to the passing of the title under a contract of sale. A delivery to a common carrier, pursuant to instructions or agreement, constitutes a delivery to the consignee, and is sufficient to pass the title under a contract for the sale of chattels, but, on the other hand, a consignment by a seller to his own order does not of itself pass title, unless there is an agreement that the title shall pass upon such shipment.

In the recent case of *Richardson* v. *Fowler,* 154 Ark. 92, we said that ''where the seller consigns the shipment to his own order, thus manifesting his intention to reserve his dominion and right of disposition over the property, nothing else appearing to manifest an intention to pass the title, such consignment does not constitute a delivery to the purchaser.'' In that case there were cited other cases to the same effect. *Gibson* v. *Inman Packet Co.,* 111 Ark. 521; *Georgia Marble Finishing Works* v. *Minor,* 128 Ark. 124; *McGehee* v. *Yunker & Ronk,* 137 Ark. 397.

There was no testimony adduced in the present case tending in any degree to show that there was any agreement for the title to pass earlier than on delivery, and it therefore follows that the fact that the shipment was to the seller's own order is conclusive that the title did not pass upon delivery to the carrier. The court was therefore correct in its view of the testimony in this case and the law applicable thereto, and, appellant having elected not to go to the jury on the issue as to a breach of the contract, it cannot complain that the court directed a verdict against it.

Judgment affirmed.